## YARLOTT *v.* BROWN.

[No. 12,185. Filed December 18, 1925. Rehearing denied March 12, 1926. Transfer denied November 4, 1927.]

1. MORTGAGES.—*Mortgage cannot be considered part of same transaction as execution of deed to same real estate.*—Although a mortgage and deed to the same real estate were prepared, signed, acknowledged and delivered simultaneously, the mortgage cannot be regarded as a part of the same transaction as the execution of the deed, as the title to the real estate must first pass to the mortgagor before the mortgage could take effect. p. 482.

2. JUDGMENT.—*Judgment held superior to mortgage executed at same time as deed conveying title to trustee in trust for grantor.*—Where a husband and wife conveyed certain land, theretofore held by them as tenants by entirety, to a third party, with an agreement that he was to reconvey a part of the land to the husband and the remainder to the wife, a judgment against the husband attached to the part thereafter conveyed to the husband immediately on the conveyance to the trustee, under cl. 4, §795 Burns 1914, §795 Burns 1926, and, therefore, was superior to the lien of a mortgage executed by the husband to the trustee at the same time as the various deeds, as the title to the land must have passed to the trustee before the mortgage could take effect. p. 482.

From Pulaski Circuit Court; *W. C. Pentecost,* Judge.

Suit by Charles E. Yarlott against Mary L. Brown. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Long & Yarlott* and *Horner & Thompson,* for appellant.

*Reiderbach Brothers* and *John M. Spangler,* for appellee.

NICHOLS, C. J.—Action by appellant against appellee to foreclose a mortgage executed and delivered on September 15, 1903, by one Isaac E. Enyart to appellant on certain real estate described therein. On the date said mortgage was recorded, an execution was issued on a pre-existing judgment against said mortgagor, Isaac E. Enyart, in favor of McCormick Harvesting Machine Company, and on October 17, 1903, the real estate described in said mortgage was sold on execution by the sheriff of Pulaski county, Indiana, as the. property of said Enyart to William F. Enyart, and on October 21, 1904, the sheriff executed and delivered to William F. Enyart his sheriff's deed for said real estate. The sole question presented by this appeal is, as between the judgment and the mortgage, which constituted the prior lien on the real estate involved.

On November 20, 1905, William F. Enyart, and his wife, conveyed said real estate to Margaret J. Humes, and on February 27, 1919, Margaret J. Humes conveyed the same to appellee herein, who was the owner thereof on the date appellant's action was commenced.

On September 15, 1903, appellant was a practicing attorney and a member of the bar of the Cass Circuit Court, at Logansport, Indiana, with offices in said city. On said date, the said Isaac E. Enyart and Eva M. Enyart, his wife, employed appellant to prepare a quitclaim deed, to be executed by them, to convey certain

lands theretofore held by them as tenants by entirety, to appellant as trustee, and also to prepare a quit-claim deed to be executed by appellant as trustee, conveying the north half of said lands, being the lands here involved, to said Isaac E. Enyart, and also to prepare a quit-claim deed to be executed by appellant as trustee, conveying the south half of said lands to said Eva M. Enyart.

On said September 15, 1903, and immediately prior thereto, appellant had been employed by said Isaac E. Enyart as his attorney in a divorce action pending in the Cass Circuit Court between said Isaac E. Enyart and Eva M. Enyart his wife, and said attorney accepted said employment and rendered services and incurred and paid expenses for and on behalf of said Isaac E. Enyart, whereby said Isaac E. Enyart was indebted to appellant for legal services and expenses incurred and paid, and for legal services to be rendered in the immediate future for said Isaac E. Enyart in said divorce action, and for legal services in preparing the above described deeds, and it was there agreed between appellant and said Isaac E. Enyart that the total amount of said indebtedness and expenses incurred and owing from said Isaac E. Enyart to appellant was $210, to secure which amount, represented by a promissory note, appellant prepared the mortgage in suit ready for execution and acknowledgment.

That all of said deeds and mortgage herein mentioned and described were prepared by appellant at the request of said Enyart on September 15, 1903, at the same time, and each and all of said papers were fully prepared before any or either of them was signed and acknowledged.

That after said papers had been prepared by appellant, a notary public was procured, and, in the presence

of said notary public, said deeds and said mortgage were concurrently properly executed and acknowledged, and immediately thereupon the deed to Eva M. Enyart was delivered to and accepted by her from appellant as trustee, and immediately thereupon the deed to Isaac E. Enyart was delivered to and accepted by him from appellant as trustee, and immediately thereupon said mortgage was delivered by said Isaac E. Enyart to and accepted by appellant. That the preparation, execution, acknowledgment and delivery of said deeds and mortgage was done and occurred in the office of appellant on September 15, 1903, and at the same time.

Briefly stated, these are the facts stated in the court's special findings, upon which the court stated as conclusions of law: First. That the judgment of McCormick Harvesting Machine Company against Isaac E. Enyart and William F. Enyart, rendered January 2, 1900, was, on September 15, 1903, a prior and paramount lien on the real estate mentioned and described in appellant's mortgage herein to the lien of such mortgage. Second. That appellant is not entitled to have the mortgage sued on in his complaint foreclosed as against appellee. On these conclusions, judgment was rendered for appellee.

Appellant contends that the lien of the judgment rendered January 23, 1900, was, on September 15, 1903, the date of the execution of the mortgage, a subsequent inferior and subordinate lien to the lien of such mortgage, or, at least, the mortgage and the judgment were equal liens, but with this contention, we cannot agree. Were the mortgage here involved a purchase money mortgage, given by the agreement of the parties to secure a part of the unpaid purchase money, quite a different question would be presented. Appellant has cited numerous cases involving priority of liens as to purchase money mortgages. In *Western Tie & Timber Co.* v. *Campbell* (1914), 113 Ark. 570, 169 S.

W. 253, the mortgage was given for the purchase money, though to a third person, and the court correctly stated the general rule that a mortgage given at the time of the purchase of real estate to secure the payment of purchase money, whether given to the vendor or to a third person who, as part of the same transaction, advanced the purchase money, has preference over all judgments and all other claims against the mortgagor. But, because of a statute of the State of Arkansas making a mortgage not a lien until filed for record, the lien of a judgment in favor of the state, in existence at the time of the conveyance to the judgment defendant, was held to be prior to the lien of a mortgage not then recorded. In *Mortgage Co.* v. *Winters* (1915), 94 Kans. 615, 146 Pac. 1012, the mortgage was given for purchase money, and the court there held that one who executed a purchase money mortgage is not regarded as obtaining the title and then placing an incumbrance on it, but is deemed as taking the title charged with the incumbrance which has priority over existing liens. But, in the instant case, the mortgage was not a purchase money mortgage, nor can it be regarded as a part of the same transaction. The deed from the Enyarts to appellant was to him as trustee, and the two deeds made by appellant to the Enyarts respectively were made by him as trustee, and all of the deeds were made for the purpose of adjusting property rights in contemplation of a divorce between the Enyarts. But the mortgage was made to appellant individually to secure a note given, not for purchase money, but for services performed by appellant for Isaac E. Enyart. While the delivery of the deeds and mortgage was simultaneous, the title to the real estate must, in effect, first pass to appellant as trustee before it could pass from him to Enyart. When the whole tract of land was conveyed to appellant as trustee, with the agreement as to its division, that

he should convey the north half thereof to Isaac E. Enyart, such trustee then held said north half in trust for said Enyart.   Immediately upon the conveyance to appellant as trustee, the lien of the judgment attached. §795 cl. 4, Burns 1914; *Maxwell* v. *Vaught* (1884), 96 Ind. 136.   Appellant's mortgage was not effective until after he conveyed the land to Enyart, at and before which time, the lien of the judgment had attached, and the mortgage of necessity was subject thereto.   The court did not err in its conclusions of law.

Affirmed.