**LIBERTY PARTS WAREHOUSE, INC.,**
Appellant-Defendant Below,

v.

**MARSHALL COUNTY BANK & TRUST,**
Appellee-Plaintiff Below.

No. 3–583A142.

Court of Appeals of Indiana,
Third District.

Feb. 15, 1984.

James P. Hayes, Holmes & Hayes, Plymouth, for appellant.

Kenneth M. McDermott, Plymouth, for appellee.

STATON, Presiding Judge.

The Marshall County Bank & Trust Company (Bank) brought a mortgage foreclosure action against William Hoppe and joined Liberty Parts Warehouse, Inc. as a party defendant since it was a judgment creditor of William Hoppe. By joining Liberty, the Bank sought to have the judgment lien against the Hoppe property declared subordinate to the Bank's mortgage. Later, the Bank moved for a summary judgment. The trial court granted summary judgment for the Bank and Liberty appeals. The sole issue raised by Liberty is:

Whether the mortgage held by the Bank was a purchase money mortgage even though Hoppe already held equitable ti-

tle to the real estate purchased with the loan proceeds.

Affirmed.

The facts of this case were stipulated as follows: In 1976, William and Geraldine Hoppe executed a land contract for the purchase of the subject real estate from Effie Wise. In May, 1980, the marriage of William and Geraldine was dissolved and they agreed to hold the real estate as tenants in common. On October 10, 1980, Liberty obtained a judgment against William, which was duly recorded. On December 3, 1981, William obtained a loan from the Bank which was secured by a mortgage on the real estate. The Bank issued a check to Wise for the balance due on the land contract. Wise deeded the real estate to William and Geraldine. The same day, William purchased Geraldine's interest in the real estate giving Geraldine the remainder of the loan proceeds and a promissory note in exchange for a quitclaim deed to the real estate. The trial court determined the priority of the creditors to be: the Bank, first; Liberty, second; and Geraldine, third.[1]

Liberty contends that it is entitled to priority over the Bank because its lien was prior in time to the Bank's mortgage. Liberty acknowledges that a purchase money mortgage has priority over a prior judgment lien, IC 1976, 32–8–11–4, but argues that the initial land contract constituted a sale and purchase of the real estate. Thus, Liberty asserts, the subsequent loan by the Bank was merely a refinancing of the initial obligation and cannot provide the basis for a purchase money mortgage. We disagree.

While we agree that the execution of the land contract between Wise and the Hoppes constituted a purchase and sale of the real estate, *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641, 646, that proposition is unrelated to the question whether the Bank's mortgage was a purchase money mortgage. By executing the land contract with Wise, the Hoppes acquired equitable title to the real estate. *Id.* However, the relevant inquiry in determining the nature of the Bank's mortgage is its role in William's acquisition of legal title to the real estate.

A purchase money mortgage is one which is given as security for a loan, the proceeds of which are used by the mortgagor to acquire legal title to the real estate. *Yarlott v. Brown* (1925), 86 Ind. App. 479, 149 N.E. 921. When the deed and mortgage are executed as part of the same transaction the purchaser does not obtain title to the property and then grant the mortgage; rather, he is deemed to take the title already charged with the encumbrance.[2] Because there is no moment at which the judgment lien can attach to the property before the mortgage of one who advances purchase money, the prior judgment lien is junior to the purchase money mortgage. Thus, the tests employed in determining whether a mortgage is a purchase money mortgage are whether the proceeds are applied to the purchase price, and whether the deed and mortgage are executed as part of the same transaction.

In this case it is clear that proceeds of the Bank's loan to William were used by him to acquire legal title to the subject real estate, and that the deed and mortgage were executed as part of the same transaction. Thus, the Bank holds a purchase money mortgage on the real estate and the trial court correctly gave the Bank priority over Liberty pursuant to IC 32–8–11–4.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.

---

1. Geraldine does not appeal the priority assigned to her claim.

2. Another basis for the priority given a purchase money mortgage is the superior equity which the mortgagee has in the purchase money he advanced. *See Wermes v. McCowan* (1936), 286 Ill.App. 381, 3 N.E.2d 720.