

FILED
Jan 19 2016, 9:01 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT
SABINE MATTHIES

Julie A. Camden
Corey R. Meridew
Daniel M. Spungen
Camden & Meridew, P.C.
Fishers, Indiana

ATTORNEY FOR APPELLEE
THE ALAN D. NELSON LIVING
TRUST

P. Adam Davis
Davis & Sarbinoff, LLC
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amici Resources, LLC and Solid Foundation Investment Properties, Inc. Partnership; Solid Foundation Investment Properties, Inc.; Gary Hippensteel; and Sabine Matthies, <br><br> *Appellants/Defendants/Counter-Claim* <br><br> *Appellees,* <br><br> v. <br><br> The Alan D. Nelson Living Trust and Amici Resources, LLC, | January 19, 2016 <br><br> Court of Appeals Case No. 49A02-1506-PL-560 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Timothy W. Oakes, Judge <br> The Honorable Therese Hannah, Commissioner <br><br> Trial Court Cause No. 49D02-1309-PL-35155 |

*Appellees/Plaintiffs/Counter-Claim*

*Appellants.[1]*

**Bradford, Judge.**

# Case Summary

[1]    Sabine Matthies obtained a judgment against Solid Foundations Investment Properties, Inc. ("SFIP") on December 10, 2012. Gary Hippensteel is the director and president of SFIP. SFIP subsequently purchased a property located on Central Avenue in Indianapolis (the "Central Avenue property"). In order to purchase the property, SFIP borrowed money from the Alan D. Nelson Living Trust (the "Nelson Trust"). In exchange for the necessary financing, SFIP executed a mortgage granting the Nelson Trust a security interest in the Central Avenue property. SFIP also signed a Promissory Note, in which it promised to repay the funds borrowed from the Nelson Trust. SFIP also

---

[1] Although Amici Resources, LLC and Solid Foundation Investment Properties, Inc. Partnership; Solid Foundation Investment Properties, Inc.; and Gary Hippensteel do not participate in the instant appeal, we list these entities and individual as parties because a party below is a party on appeal. *See* Ind. Appellate Rule 17.

entered into a partnership with and borrowed money from Amici Resources, LLC ("Amici") to cover renovations to the Central Avenue property. SFIP executed a secondary mortgage granting Amici a security interest in the Central Avenue property.

[2] Matthies subsequently sought to enforce her judgment lien against SFIP. The Nelson Trust argued that it held a purchase-money mortgage, and therefore had first priority against the Central Avenue property. The Central Avenue property was sold on June 2, 2014. Pursuant to a court order, $40,000 of the sale proceeds was held in escrow by the Marion County Clerk's Office.

[3] On May 28, 2015, the trial court issued an order in which it determined that the Nelson Trust's lien against the Central Avenue property had first priority and that Amici's lien against the Central Avenue property had second priority. The trial court ordered that the $40,000 be paid to the Nelson Trust. The trial court also entered a $39,000 judgment against Hippensteel and SFIP, jointly and severally, in favor of Amici.

[4] On appeal, Matthies contends that the trial court erred in determining that both the Nelson Trust and Amici liens had priority over her lien. Concluding that the Nelson Trust lien had priority over Matthies's lien but that Matthies's lien had priority over Amici's lien, we affirm the judgment of the trial court in part, reverse in part, and remand with instructions. We also deny the Nelson Trust's counter-claim request for appellate attorney's fees.

# Facts and Procedural History

[5]     Hippensteel is the director and president of SFIP. Vikki Cortez and Debra
Argenta are the owners of Amici. Alan Nelson is the trustee of the Nelson
Trust.

[6]     Matthies obtained a $39,913.13 judgment against SFIP on December 10, 2012.
On April 11, 2013, HSBC Bank ("HSBC") agreed to sell the Central Avenue
property to SFIP. HSBC required that the transaction be a cash deal. In order
to complete the purchase, SFIP required financing. After one source of
financing fell through, SFIP, through Amici, approached the Nelson Trust to
secure the necessary funds. The Nelson Trust agreed to loan SFIP $127,500 for
the purchase of the Central Avenue property. In exchange for the necessary
financing, on April 29, 2013, SFIP executed a mortgage granting the Nelson
Trust a security interest in the Central Avenue property. SFIP also signed a
Promissory Note on April 30, 2013, in which it promised to repay the funds
borrowed from the Nelson Trust.

[7]     Also on April 30, 2013, Cortez and Argenta, acting on behalf of Amici, entered
into a joint venture agreement with Hippensteel for the purpose of purchasing,
rehabilitating, and selling the Central Avenue Property. Amici also agreed to
lend SFIP $39,000, secured as a second mortgage, for property rehabilitation
funds.

[8]     Matthies subsequently sought to enforce her judgment lien against SFIP. The
Nelson Trust argued that it held a purchase-money mortgage, and therefore had

first priority against the Central Avenue property. The Central Avenue Property was sold on June 2, 2014. Pursuant to a court order, $40,000 of the sale proceeds was held in escrow by the Marion County Clerk's Office.

[9] On May 28, 2015, the trial court issued an order in which it determined that the Nelson Trust's lien against the Central Avenue property had first priority and that Amici's lien against the Central Avenue Property had second priority. The trial court ordered that the $40,000 be paid to the Nelson Trust. The trial court also entered a $39,000 judgment against Gary Hippensteel and SFIP, jointly and severally, in favor of Amici. Matthies now appeals.

# Discussion and Decision

[10] Matthies appeals from the trial court's order regarding the priority of certain liens against certain property owned by SFIP, *i.e.*, the Central Avenue property. In challenging the trial court's order, Matthies raises three issues: (1) whether the trial court erred in considering parol evidence, (2) whether the trial court erred in finding that the mortgage held by the Nelson Trust was a purchase-money mortgage, and (3) whether the trial court erred in determining that the Nelson Trust and Amici liens had priority over Matthies's lien.

# I. Consideration of Parol Evidence

[11] Again, in April of 2013, SFIP purchased the Central Avenue property from HSBC. Although the purchase agreement did not contain any reference to financing for the purchase, SFIP obtained a mortgage loan from the Nelson

Trust in order to purchase the Central Avenue property. SFIP also obtained additional financing from Amici. Matthies subsequently initiated the underlying quiet title action. In determining that the Nelson Trust and Amici liens had priority over Matthies's lien, the trial court reviewed the financing documents and the joint venture agreement in addition to the purchase agreement. Matthies claims it was error for the trial court to do so. We disagree.

[12] Generally, "[t]he parol evidence rule provides that extrinsic evidence is inadmissible to add to, vary, or explain the terms of a written instrument if the terms of the instrument are clear and unambiguous." *Cooper v. Cooper*, 730 N.E.2d 212, 215 (Ind. Ct. App. 2000) (citing *Hauck v. Second Nat'l Bank of Richmond*, 153 Ind. App. 245, 260, 286 N.E.2d 852, 861 (1972)).

> However, under the stranger to the contract rule, "the inadmissibility of parol evidence to vary the terms of a written instrument does not apply to a controversy between a third party and one of the parties to the instrument." [*Cooper*, 730 N.E.2d] at 216 (relying on *White v. Woods*, 183 Ind. 500, 109 N.E. 761, 763 (1915)). *See also State Highway Comm'n v. Wilhite*, 218 Ind. 177, 180-181, 31 N.E.2d 281, 282 (1941) (holding that "the general rule that resort may not be had to parol evidence to vary or contradict a written contract complete on its face does not apply to others than the parties to the instrument"); … *Burns v. Thompson*, 91 Ind. 146, 150 (1883) ("[A]side from the question of fraud, while a dispositive instrument can not be varied by parol, so far as the parties to it are concerned, yet, in respect to strangers, written instruments, usually have no binding force, and the familiar rule against the variation of such instruments by parol evidence applies only to parties and privies, and does not

> forbid their being attacked and contradicted by parol by strangers to them.").

*Evan v. Poe & Associates, Inc.*, 873 N.E.2d 92, 101-02 (Ind. Ct. App. 2007) (ellipsis added).

[13] It is undisputed that the instant matter is not an action between the parties to the purchase agreement, *i.e.*, SFIP and HSBC. Instead, the instant matter involves a question relating to the priority of liens of third parties against SFIP's property. Therefore, a plain reading of the stranger to the contract rule indicates that the parol evidence rule does not apply to the instant matter. Further, as the parol evidence rule does not apply to the instant matter, we cannot say that the trial court erred by considering the financing documents and the partnership agreement in addition to the purchase agreement.

## II. Purchase-Money Mortgage

[14] Matthies also contends that the trial court erred in determining that the loan given from Nelson Trust to SFIP qualified as a purchase-money mortgage. "A purchase[-]money mortgage is one which is given as security for a loan, the proceeds of which are used by the mortgagor to acquire legal title to the real estate." *Liberty Parts Warehouse, Inc. v. Marshall Cnty. Bank & Trust*, 459 N.E.2d 738, 739 (Ind. Ct. App. 1984).

> When the deed and mortgage are executed as part of the same transaction the purchaser does not obtain title to the property and then grant the mortgage; rather, he is deemed to take the title already charged with the encumbrance. Because there is no

moment at which the judgment lien can attach to the property before the mortgage of one who advances purchase money, the prior judgment lien is junior to the purchase[-]money mortgage. Thus, the tests employed in determining whether a mortgage is a purchase[-]money mortgage are whether the proceeds are applied to the purchase price, and whether the deed and mortgage are executed as part of the same transaction.

*Id.* In the instant matter, the record clearly indicates that the proceeds of the loan from the Nelson Trust to SFIP were applied as payment for the purchase price of the Central Avenue property. Thus, the only question that remains is whether the purchase agreement and the mortgage agreement were executed as part of the same transaction.

[15] In considering whether the execution of purchase and mortgage documents were executed as part of the same transaction, we find guidance in the approach followed by the Appellate Court of Illinois in *Wermes v. McCowan*, 286 Ill. App. 381, 3 N.E.2d 720 (1936). In *Wermes*, the court stated that "[t]he rule as generally stated, is that, to give a purchase-money mortgage a precedence, it must have been executed simultaneously, or at the same time, with the deed of purchase." *Id.* at 386, 3 N.E.2d at 722 (brackets added). "The reason usually assigned for this doctrine is the technical one of the mere transitory seisin of the mortgagor, rather than the superior equity which the mortgagee has, to be paid the purchase money of the land before it shall be subjected to other claims against the purchaser." *Id.* at 386-87, 3 N.E.2d at 722.

> However, it is evident, both upon principle and authority, that what is meant by this statement of the rule is not that the two

acts--the execution of deed of purchase and the execution of the
mortgage--should be literally simultaneous. This would be
impossible. Some lapse of time must necessarily intervene
between the two acts. We believe that an examination of the
cases will show the real test is not whether the deed and
mortgage were in fact executed at the same instant, but whether
they were parts of one continuous transaction, and so intended to
be by the parties, so that the two instruments should be given
contemporaneous operation in order to promote and carry out
the intention of the parties.

*Id.* at 387, 3 N.E.2d at 722.

[16] Here, the record demonstrates that on April 29, 2013, SFIP secured a mortgage from the Nelson Trust for the purchase of the Central Avenue property. Payment for the property came from a wire transfer of the funds from the Nelson Trust to SFIP at approximately 4:00 p.m. on April 29, 2013. The next day, SFIP signed a promissory note, promising to repay the funds that were borrowed from the Nelson Trust for the purchase of the Central Avenue property. Also on April 30, 2013, Hippensteel, on behalf of and in his capacity as president of SFIP, attended the closing for the purchase of the Central Avenue property.

[17] These facts indicate that although some of the financing documents were signed the day before the closing on the sale of the Central Avenue property, the documents were signed as part of the same transaction. SFIP and the Nelson Trust clearly intended for the loan of funds to be used to purchase the Central Avenue property and executed a mortgage indicating as such. SFIP also signed

a promissory note which indicated that SFIP promised to repay the borrowed funds. The mere fact that some of the financing documents were signed on the day before the closing took place does not, in and of itself, indicate that the execution of the documents was a separate transaction. As such, we cannot say that the trial court erred in determining that the mortgage at issue qualified as a purchase-money mortgage.[2]

## III. Priority of Liens

Matthies last contends that the trial court erred in determining that both the Nelson Trust lien and the Amici lien had priority over her lien.

## A. Nelson Trust Lien

Indiana Code section 32-29-1-4 provides that "[a] mortgage granted by a purchaser to secure purchase money has priority over a prior judgment against the purchaser." Consistent with Indiana Code section 32-29-1-4, the Restatement (Third) of Property provides as follows: "A purchase[-]money mortgage, whether or not recorded, has priority over any mortgage, lien, or other claim that attaches to the real estate but is created by or arises against the

---

[2] Further, to the extent that Matthies claims that finding that the loan from the Nelson Trust to SFIP is a purchase-money mortgage is against public policy, we disagree. Contrary to Matthies's claim in this regard, the evidence clearly indicates that the execution of all of the documents, both the financing and the purchasing documents were intended to be part of one transaction, *i.e.*, the purchase of the Central Avenue property by SFIP. This conclusion seems consistent with the public policy interest of providing a system under which a purchaser can obtain funding to purchase a piece of property.

purchaser-mortgagor *prior* to the purchaser-mortgagor's acquisition of title to the real estate." Restatement (Third) of Property (Mortgages) § 7.2 (1997) (emphasis added). Comment b to § 7.2 further explains as follows:

> b. Purchase[-]money mortgage priority over other liens or claims arising against the purchaser-mortgagor. Under this section the vendor's purchase money mortgage is senior to any previous judgment liens that arise against the purchaser-mortgagor. This is true even though a judgment attaches as a lien to the judgment debtor's after-acquired real estate and the vendor takes the mortgage with actual knowledge of the judgment. *See* Illustration 1. This rule applies even if the mortgage is not executed simultaneously with the deed to the mortgagor, so long as the mortgage and the conveyance of title are intended to be part of one transaction. *See* Illustration 2. Moreover, although the purchase[-]money mortgage must be recorded in order to protect the mortgagee against subsequent interests that arise through the purchaser-mortgagor, such recording is unnecessary to protect against claims against mortgagor that antedate the purchase[-]money mortgage.

[20] Under the clear language of both Indiana Code 32-29-1-4 and section 7.2 of the Restatement (Third) of Property (Mortgages), the Nelson Trust's mortgage lien would have priority over Matthies's lien. Accordingly, we conclude that the trial court did not err in finding that the Nelson Trust's lien had priority over Matthies's lien.

## B. Amici

[21] In determining that the Amici mortgage had second priority over Matthies's lien, the trial court concluded that "[t]he lien arising from the Judgment is not a

valid lien against the Property." Appellant's App. p. 16. We disagree. We also note that our review of this issue was made more difficult by Amici's failure to file an appellee's brief.

[22] "A judgment lien is a lien on the interest the debtor has in the land." *Arend v. Etsler*, 737 N.E.2d 1173, 1175 (Ind. Ct. App. 2000). Pursuant to Indiana Code section 34-55-9-2,

> All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket as provided by law:
>
> (1) after the time the judgment was entered and indexed; and
>
> (2) until the expiration of ten (10) years after the rendition of the judgment;
>
> exclusive of any time during which the party was restrained from proceeding on the lien by an appeal, an injunction, the death of the defendant, or the agreement of the parties entered of record.

"Thus, a money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty held by the debtor is located." *Arend*, 737 N.E.2d at 1175.

[23] Consistent with the common law rule that "priority in time gives a lien priority in right," *Johnson v. Johnson*, 920 N.E.2d 253, 256 (Ind. 2010), a prior equitable interest or lien will prevail over a judgment lien while the judgment lien will

generally prevail over subsequently-manifesting equitable interests or liens. *See generally*, *Arend*, 737 N.E.2d at 1174-75 (providing that a prior equitable interest in a piece of property will prevail, *i.e.*, have priority over, a judgment lien). Further, in *Michaels v. Boyd*, 1 Ind. 259, 260 (1848), the Indiana Supreme Court held that a judgment rendered against an individual attaches to property subsequently purchased by the individual "*co instanti*" with the acquisition of ownership of the property. Stated differently, the Indiana Supreme Court's opinion in *Michaels* indicates that a judgment entered against a debtor instantly attaches as a lien to land subsequently acquired by the debtor. This approach is also consistent with the authority relating to purchase-money mortgages as it seems reasonable to infer that if the prior judgment did not attach as a lien upon acquisition of the land, it would not be necessary to specifically state that the purchase-money mortgage had priority over the prior judgment.

[24] In *Yarlott v. Brown*, 86 Ind. App. 479, 149 N.E. 921 (1925), *trans. denied*, we considered whether a judgment lien had priority over a mortgage lien that was perfected subsequent to the creation of the judgment lien. Finding that the judgment lien attached to the property before the mortgage lien, we concluded the judgment lien was the prior lien and therefore had priority over the subsequent mortgage lien. *Id*. at 484, 149 N.E. at 922. In reaching this conclusion, we noted that "quite a different question would be presented" if the mortgage had been a purchase-money mortgage, rather than to pay for services rendered. *Id*. at 482, 149 N.E. at 922.

In light of the above-discussed authority, we conclude that the trial court erred in concluding that Amici's mortgage lien has second priority over Matthies's lien.[3] Matthies's lien, therefore, should be granted second priority behind the Nelson Trust's lien. On remand, we instruct the trial court to amend its order to reflect as much.

## IV. The Nelson Trust's Request for Attorney's Fees

We next turn to the Nelson Trust's counter-claim request for appellate attorney's fees. In pertinent part, Indiana Appellate Rule 66(E) provides that a court on review "may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." In *Orr v. Turnco Manufacturing. Co.*, 512 N.E.2d 151, 152 (Ind. 1987), the Indiana Supreme Court noted, that an appellate court "must use extreme restraint" in exercising its discretionary power to award damages on appeal. "Hence, the discretion to award attorney fees under App. R. 66(C) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (internal quotation omitted). Here,

---

[3] We note, however, that this conclusion in no way alters the trial court's $39,000 judgment against SFIP and Hippensteel, jointly and severally, in favor of Amici.

while we ultimately rule in its favor, we decline to award appellate attorney's fees as requested by the Nelson Trust.[4]

[27] The judgment of the trial court is affirmed in part, reversed in part, and remanded to the trial court with instruction.

Baker, J., and Pyle, J., concur.

---

[4] We note that both Matthies and the Nelson Trust requested attorney's fees at the trial court level. The trial court denied both requests. The Nelson Trust does not appear to challenge the trial order in this regard, but rather focuses on whether attorney's fees were appropriate on appeal.