## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 28 2017, 5:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph G. Striewe
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:
FIRST FINANCIAL BANK, N.A.

Christopher C. Hagenow
Blackwell, Burke & Ramsey, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phillip Herron,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>First Financial Bank, N.A.,<br>*Appellee-Defendant/Crossclaimant,*<br><br>and<br><br>First Christian Missionary Baptist Church, Inc. and First Christian Charities, Inc.,<br>*Defendants.* | December 28, 2017<br><br>Court of Appeals Case No.<br>49A02-1704-PL-873<br><br>Appeal from the Marion Superior Court<br><br>The Honorable James B. Osborn, Judge<br><br>Trial Court Cause No.<br>49D14-1602-PL-7062 |

**Robb, Judge.**

# Case Summary and Issue

[1] Phillip Herron appeals the trial court's order granting summary judgment to First Financial Bank, N.A. ("First Financial"), and denying his own motion for summary judgment setting the priority and validity of their respective claims to certain real estate. Herron raises several issues for our review, which we consolidate and restate as whether the trial court properly determined First Financial's mortgage on the real estate had priority over Herron's judgment lien. Concluding the trial court erred in granting summary judgment to First Financial because Herron's judgment lien was first in time, we reverse and remand.

# Facts and Procedural History

[2] Herron, a contractor, performed repairs on the roof of the First Christian Missionary Baptist Church (the "Church") in March 2011. Herron invoiced the Church for the repairs. In September 2011, Herron initiated a small claims proceeding against the Church to collect payment in Lawrence Township (Marion County) Small Claims Court. On May 14, 2013, the small claims court entered judgment in favor of Herron and against the Church in the amount of $5,000, plus attorney fees of $6,000. The judgment was recorded in the Lawrence Township Judgment Book on that date. The Church did not appeal the judgment.

[3] Herron initiated proceedings supplemental to obtain payment of the judgment. On April 1, 2014, during the proceedings supplemental, the small claims court issued an order consistent with the previous judgment, stating the Church is "liable for collection and attorney fees associated with the satisfaction of this judgment and statutory interest until satisfied." Appellant's Appendix, Volume 2 at 51. Several receipts and a document titled "Transaction Detail," all dated November 7, 2014, purport to show the Church made two payments on that date, had paid a total of $11,191, and had a remaining balance of $0.00. *Id.* at 156-59. On November 14, 2014, the small claims court awarded Herron an additional $5,147.52 for attorney fees incurred in collecting the judgment "pursuant to the [C]ourt's Order entered April 1, 2014." *Id.* at 54. The Church did not appeal this order, but on April 15, 2015, the court, "having reviewed the file," determined the additional attorney fees were "unreasonable and unconscionable" and rescinded its November 14, 2014, order to tax attorney fees. *Id.* at 155. Herron appealed that decision to the Marion Superior Court. On November 17, 2015, the superior court found the small claims court had improperly set aside the order in the absence of motion by a party and awarded judgment to Herron in the total amount of $9,617.22. The judgment was ordered to be placed in the Record of Judgments and Orders book.

[4] In the meantime, on November 21, 2014, First Financial and the Church executed a business loan agreement and promissory note secured by a mortgage

on the real estate. The mortgage was recorded in the Office of the Marion County Recorder on February 23, 2015.[1]

[5] On February 25, 2016, Herron filed a complaint seeking to foreclose his judgment lien. Herron named First Financial as a necessary party. First Financial filed an answer and cross-claim, asserting the Church was in default of the promissory note it signed with First Financial and that First Financial was entitled to foreclose on its mortgage. First Financial requested the trial court enter judgment in its favor, foreclose on the mortgage, determine the priority of all interests in the real estate, and order a sheriff's sale of the property to satisfy the debts.

[6] Herron filed a motion for summary judgment on June 21, 2016, alleging no genuine issues of material fact existed regarding his first and prior judgment lien on the real estate and asserting that he was entitled to foreclosure on the property to satisfy his judgment lien. First Financial filed a cross motion for summary judgment on August 3, 2016, alleging its mortgage had priority over Herron's. At a hearing on October 24, 2016, the parties presented argument to the trial court regarding priority. The trial court denied Herron's motion and granted First Financial's, finding First Financial's "mortgage lien is senior in

---

[1] On March 15, 2012, while Herron's small claims complaint was pending, the Church donated its real property to "First Christian Charities, Inc." *See* Appellant's App. at 74. On appeal, Herron raises an issue about whether First Financial has a valid interest in the real estate at all, given the mortgage on the real estate was granted by the Church. Because of our resolution of this appeal, we need not decide this issue.

priority attaching to the subject real estate." Appellant's App., Vol. 2 at 34.

Specifically, the court found as follows:

> 4. Pursuant to Indiana Code § 32-21-4-1(b), interests in real estate, including mortgages, take priority according to the time of their filing. A money judgment becomes a lien on the debtor's real property when the judgment is recorded in the judgment docket in the county where the realty is located. A prior mortgage lien will prevail over a subsequently recorded judgment lien.

> 5. First Financial's Mortgage was properly recorded more than nine (9) months before the Superior Court entered the Third Herron Judgment de novo. The [Superior Court] Judgment does not provide that [it] was retroactively effective prior to the date it was entered by the Superior Court, nor could it under Indiana law. Therefore, First Financial's prior Mortgage is superior to the subsequent lien created in favor of Herron as a result of the entry of the [Superior Court] Judgment.

*Id.* at 13 (citation omitted). Herron filed a motion to correct error, which the parties agree was denied.[2] Herron then initiated this appeal.[3]

---

[2] In the record appears a seven-page order titled "Order Correcting Errors and Granting Summary Judgment" that purports to grant summary judgment to Herron. Appellant's App., Vol. 2 at 18-24. The order is signed by the trial court judge on the last page. *Id.* at 24. However, on the first page, there is a stamp that says "Denied." *Id.* at 18. The Chronological Case Summary ("CCS") contains an entry dated April 3, 2017, for an Order Denying Motion to Correct Error. Regardless of the existence of the order in the record that purports to grant Herron's motion to correct error and grant him summary judgment on his claim, we follow the CCS and proceed on the assumption that the motion to correct error was denied as both parties agree.

[3] After this appeal was initiated, the trial court entered a decree of foreclosure for First Financial and a sheriff's sale was set. Herron sought and obtained a stay from this court to preserve the status quo of the real property until the resolution of this appeal.

# Discussion and Decision

## I. Summary Judgment Standard of Review

[7] When reviewing the grant or denial of summary judgment, we apply the same test as the trial court: summary judgment is appropriate only if the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Sedam v. 2JR Pizza Enterps., LLC*, 84 N.E.3d 1174, 1176 (Ind. 2017). Our review is limited to those facts designated to the trial court, T.R. 56(H), and we construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party, *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013). On appeal, the non-moving party carries the burden of persuading us the grant of summary judgment was erroneous. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). A grant of summary judgment will be affirmed if it is sustainable upon any theory supported by the designated evidence. *Miller v. Danz*, 36 N.E.3d 455, 456 (Ind. 2015).

[8] "Specific findings and conclusions by the trial court are not required, and although they offer valuable insight into the rationale for the judgment and facilitate our review, we are not limited to reviewing the trial court's reasons for granting or denying summary judgment." *Doe v. Donahue*, 829 N.E.2d 99, 106 (Ind. Ct. App. 2005), *trans. denied*, *cert. denied*, 547 U.S. 1162 (2006). In addition, the "fact that the parties [made] cross-motions for summary judgment does not alter our standard of review. Instead, we must consider each motion

separately to determine whether the moving party is entitled to judgment as a matter of law." *Id.*

## II. Priority of Liens

In granting summary judgment to First Financial and denying summary judgment to Herron, the trial court determined that First Financial's mortgage had priority over Herron's judgment lien. The trial court reasoned that Herron's appeal to the Marion Superior Court from small claims court constituted a separate action and Herron's judgment lien therefore dated back only to November 17, 2015, when the Marion Superior Court entered its order; whereas First Financial's mortgage dated to February 23, 2015.

Pursuant to Indiana Code section 34-55-9-2, a money judgment becomes a lien on the debtor's real property when the judgment is entered and indexed in the judgment docket in the county where the real estate is located. *See Arend v. Etsler*, 737 N.E.2d 1173, 1175 (Ind. Ct. App. 2000). A mortgage takes priority according to the time of its filing in the recorder's office of the county where the real estate is located. Ind. Code § 32-21-4-1. "Consistent with the common law rule that 'priority in time gives a lien priority in right,' a prior equitable interest or lien will prevail over a judgment lien while the judgment lien will generally prevail over subsequently-manifesting equitable interests or liens." *Amici Res., LLC v. Alan D. Nelson Living Trust*, 49 N.E.3d 1046, 1053 (Ind. Ct. App. 2016). In *Yarlott v. Brown*, 86 Ind. App. 479, 149 N.E. 921 (1925), the court considered whether a judgment lien had priority over a mortgage lien that was perfected

subsequent to the creation of the judgment lien. Concluding the judgment lien attached to the property before the mortgage lien, we held the judgment lien was the prior lien and had priority over the subsequent mortgage lien. *Id.* at 484, 149 N.E. at 922.[4]

[11] The issue here is whether Herron's judgment lien is effective as of May 14, 2013, when the small claims court entered judgment for him and against the Church—which would give his lien priority over First Financial's mortgage—or November 17, 2015, when the Marion Superior Court entered its judgment on his appeal—which would give First Financial's mortgage priority. At the summary judgment hearing, Herron defended his priority by noting the $11,000 judgment was entered on May 14, 2013 and indexed in the county records. Although the Church had paid slightly over $11,000 on November 7, 2014, the small claims court had collected only principal and filing fees, not attorney fees or interest, so there remained amounts outstanding to satisfy the judgment. The appeal to the superior court regarding the rescinded order for additional attorney fees was "nothing but more [sic] than a continuation of the underlying case[.]" Transcript, Volume II at 7. Herron summarized, "my argument is that the judgment of . . . May 14, 2013, the underlying judgment attached as a judicial lien as to the parties on the date it was rendered. It was also indexed on

---

[4] A purchase money mortgage—one that is given as security for a loan, the proceeds of which are used to acquire legal title to the real estate being mortgaged—has priority over any other mortgage, lien or other claim, even a prior mortgage or lien. Ind. Code § 32-29-1-4. First Financial's mortgage is not a purchase-money mortgage.

that same date, and that's completely consistent with Indiana Code 34-55-9-2. So it's a valid judgment. It attached to the property." *Id.*

[12] First Financial did "not contest that Mr. Herron had a perfectly valid lien in advance of the bank being granted its mortgage." *Id.* at 11. Nor did it "contest that he currently has a perfectly valid lien . . . as a result of the de novo entry by a Superior Court in November of 2015 . . . ." *Id.* It argued, however, that because a November 7, 2014 receipt purported to show a balance of zero remaining on the judgment, "there is no judgment lien" as of that date. *Id.* Therefore, First Financial asserted the order for payment of additional attorney fees on November 14, 2014, "created a new judgment at that time" but when the order was rescinded, "that judgment lien went away." *Id.* at 11-12. Further, it argued when the Marion Superior Court overturned the small claims court's order on November 17, 2015, "we have a new judgment lien perfectly valid, no contention that Mr. Herron can['t] foreclose it, but he has to foreclose it subject to the bank's mortgage that was recorded nine months earlier than . . . that most recent judgment lien was entered." *Id.* at 12.

[13] First Financial tries to parse the facts of this case too finely in order to find a way to priority. First, the documents upon which First Financial relies to assert the judgment was paid in full as of November 7, 2014, are not determinative. As Herron points out, he was also entitled to payment of attorney fees and interest on the judgment. The judgment itself was $11,000. Post-judgment interest of 8% per annum is statutorily mandated and Herron's judgment was therefore accruing interest from the day the judgment was entered. *See* Ind.

Code § 24-4.6-1-101. The allegedly "paid in full" amount on the documents First Financial designated is $11,191. Clearly, statutory interest alone after eighteen months on an $11,000 judgment is greater than $191, let alone additional attorney fees incurred in the collection. No release of judgment was ever filed and no court order finding the judgment had been paid in full was ever entered. Therefore, the evidence fails to prove the judgment had been satisfied. Second, proceedings supplemental are extensions of the underlying action, not separate and independent actions. *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 817 (Ind. Ct. App. 2005). They are initiated under the same cause number in the same court that entered the judgment. *Id.* Therefore, even if the original judgment had been paid in full, the attorney fees accrued in pursuing payment of a judgment through proceedings supplemental relate back to the original judgment rather than creating a new judgment lien.

[14] Third, First Financial misunderstands the effect of the small claims court's rescission of its attorney fee order and the appeal to the Marion Superior Court. Herron appealed the small claims court's April 15, 2015, decision to rescind its previous order. Therefore, the order did not go into effect pending the outcome of the appeal. Indiana Code section 33-34-3-15 governs appeals from Marion County small claims courts. "All appeals from judgments of the small claims court shall be taken to the circuit court or superior court of the county and tried

de novo." Ind. Code § 33-34-3-15(b).[5] Although the de novo standard authorizes litigation which reaches the superior court to, in essence, begin anew in regard to the pleadings, the superior court is nonetheless acting as a reviewing court in this instance. *Martin v. Eggman*, 776 N.E.2d 928, 931 (Ind. Ct. App. 2002). In other words, the superior court proceedings are not entirely new litigation; for instance, questions about the statute of limitations would relate back to the original filing in small claims court rather than being decided as of the date the case was appealed to the superior court. Therefore, when the Marion Superior Court in this case determined the small claims court had improperly set aside its earlier judgment, it did not create a new judgment, but affirmed the judgment of April 1, 2014.

[15] In sum, Herron has but one judgment lien which was created on May 14, 2013, and has not yet been satisfied. Accordingly, Herron has demonstrated there is no genuine issue as to the material fact of priority: his lien is prior in time to First Financial's mortgage recorded on February 23, 2015, and therefore, Herron's lien has priority and he is entitled to judgment in his favor.

# Conclusion

---

[5] As of July 1, 2018, "[a]ll appeals from judgments of the [Marion County] small claims court shall be taken to the court of appeals in the same manner as a judgment from a circuit or superior court." Ind. Code § 33-34-3-15.1.

The trial court erred in denying summary judgment to Herron and granting summary judgment to First Financial. The judgment of the trial court is reversed and this cause is remanded to the trial court to enter judgment consistent with this opinion.

Reversed and remanded.

Riley, J., and Pyle, J., concur.