

**FILED**

Sep 27 2016, 8:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Scott A. Faultless
Craig Kelley & Faultless, LLC
Indianapolis, Indiana

Merritt K. Alcorn
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEES

Tricia Kirkby Hofmann
Rebecca L. Didat
Waters Tyler Hofmann &
Scott, LLC
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dale Sedam, Kim Sedam, and
Bryan Norris, as co-personal
representatives of the Estate of
David C. Hamblin, deceased,

*Appellants-Plaintiffs,*

v.

2JR Pizza Enterprises, LLC
doing business as Pizza Hut
#013413, Amanda Parker,
individually and as an employee
of 2JR Pizza Enterprises, LLC,
and Ralph Bliton,

*Appellees-Defendants*

September 27, 2016

Court of Appeals Case No.
39A05-1602-CT-296

Appeal from the Jefferson Circuit
Court

The Honorable Darrell M. Auxier,
Judge

Trial Court Cause No.
39C01-1209-CT-890

**Mathias, Judge.**

[1] David C. Hamblin ("Hamblin") was killed in a car accident involving Ralph Bliton ("Bliton") and Amanda Parker ("Parker"), who was employed as a Pizza Hut delivery driver. Dale Sedam, Kim Sedam, and Bryan Norris, the co-personal representatives of Hamblin's Estate (collectively "the Estate"), filed a complaint against Parker and her employer, Pizza Hut, alleging that Parker, acting in the course and scope of her employment with Pizza Hut, negligently operated her vehicle and caused the accident that resulted in Hamblin's death.

[2] The Estate also alleged Pizza Hut negligently hired, trained, supervised, and retained Parker. Pizza Hut filed a motion for summary judgment on that claim, and the Jefferson Circuit Court granted partial summary judgment in Pizza Hut's favor. The Estate appeals and argues that the trial court erred when it concluded that the Estate could only proceed with its negligence claim against Pizza Hut under a theory of *respondeat superior* in light of Pizza Hut's admission that Parker was acting with the scope of her employment.

[3] Concluding that an employer's admission that its employee committed the alleged negligent act within the course and scope of her employment does not preclude an action for negligent hiring, training, supervision, and retention, we reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

[4] At approximately 8:57 p.m. on August 24, 2012, Parker, who was employed by Pizza Hut as a delivery driver, was operating her vehicle in the northbound lane of State Road 62 in Jefferson County, Indiana. Hamblin was operating a

scooter in the same lane of travel. Parker collided with the rear of Hamblin's scooter, and Hamblin fell onto the roadway as a result of the impact. Tragically, a vehicle operated by Bliton ran over Hamblin. On September 1, 2012, Hamblin died from severe injuries he sustained in the accident.

[5] Thereafter, the Estate filed a wrongful death lawsuit against Parker, Pizza Hut, and Bliton (collectively "the Appellees"). The Estate later amended its complaint and alleged that Pizza Hut negligently hired, trained, supervised, and retained Parker ("the negligent hiring claim").

[6] On March 9, 2015, Pizza Hut and Parker filed a motion for partial summary judgment. They argued that the trial court should enter judgment in their favor on the negligent hiring claim because Pizza Hut had admitted that Parker was acting within the scope and course of her employment when the accident occurred, and therefore, Pizza Hut could only be held liable for Parker's alleged negligence under a theory of *respondeat superior*.

[7] After a hearing, the trial court entered partial summary judgment in favor of Pizza Hut on the Estate's negligent hiring claim. On January 4, 2016, the trial court concluded that its order granting partial summary judgment was final and appealable pursuant to Trial Rule 54 (B). The Estate now appeals.

## Standard of Review

[8] Pursuant to Indiana Trial Rule 56(C), "[s]ummary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Missler v.*

*State Farm Ins. Co.*, 41 N.E.3d 297, 301 (Ind. Ct. App. 2015). A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. *Devereux v. Love*, 30 N.E.3d 754, 762 (Ind. Ct. App. 2015), *trans. denied*. "If the material facts are not in dispute, our review is limited to determining whether the trial court correctly applied the law to the undisputed facts." *Id*. We review pure questions of law de novo. *Id*.

## Discussion and Decision

[9] The issue at the heart of this appeal is whether a plaintiff may establish an employer's liability proceeding on both the theory of negligent hiring and the theory of *respondeat superior* where the employer has admitted that the employee was acting within the course and scope of his or her employment. To support their respective arguments, the Estate cites to our supreme court's opinion in *Broadstreet v. Hall*, 168 Ind. 192, 80 N.E. 145 (1907), and Pizza Hut directs our attention to this court's opinion in *Tindall v. Enderle*, 162 Ind. App. 524, 320 N.E.2d 764 (1974).

[10] In *Broadstreet*, a business owner ordered his nine-year-old son to deliver a message to one of his customers. The son was permitted to make his delivery by riding a horse that the business owner knew was dangerous. He also knew that his son was a reckless rider. After trial, the business owner was found to be negligent because his son negligently rode the horse causing the accident and

resulting injury, and because he knew that his son had a reputation for reckless riding and was not capable of controlling the horse.

[11] On appeal, the business owner challenged the trial court's decision to admit evidence of his son's reputation for reckless riding. However, the court held that the evidence was admissible:

> to charge appellant with knowledge or notice of his son's careless and reckless manner of riding and controlling horses, and therefore of his incompetency for that reason to be intrusted with the control and management of the horse at the time the appellant sent him upon the errand or mission in question.
>
> The specific acts of appellant's son's reckless and careless riding at the time and place testified to by the witnesses were also admissible for the same purpose of charging appellant with knowledge, or notice, of his son's incompetency to control or manage the horse at the time he employed him to serve in carrying the message.
>
> The trial court, at the time the evidence in question was received, by an instruction to the jury limited the consideration thereof by that body to the legitimate purpose for which it was introduced. There was no error in admitting the evidence in question.

*Broadstreet*, 168 Ind. at 204, 80 N.E. at 149 (internal citations omitted).

[12] The court also held that it was permissible for the jury to find the business owner was vicariously liable for the negligent acts of his son and to find him liable for negligently entrusting his son with the horse knowing full well his son's reputation for reckless riding. Specifically, our supreme court stated:

The evident theory of the first paragraph, as outlined by the facts, is that the relation of master and servant existed between appellant and his minor son at the time of the accident in question and that, therefore, under a well-settled rule, appellant is responsible for the negligence of his said servant to which the injury of appellee is imputed. This negligence, as shown, was committed by appellant's son and servant within the scope of the employment or service which he was performing at the time for his father.

The third paragraph proceeds upon the theory that the injuries received by appellee are due to the negligence of appellant, under the circumstances, in placing his minor son in the control and management of his horse upon the occasion and for the purpose in question and allowing him to ride the horse along the public highway in the performance of the business or mission upon which he sent him; that by reason of the boy's carelessness, his youth, and inexperience in the management of horses, and his want of strength and inability to govern the horse at the time in question, he ran into appellee's buggy, and threw her to the ground, thereby injuring her, as alleged in the pleading.

*Id*. at 195-96, 80 N.E. at 146.

[13]     In *Tindall v. Enderle*, 162 Ind. App. 524, 320 N.E.2d 764 (Ind. Ct. App. 1974), the appellants relied on *Broadstreet* to argue that the trial court erroneously excluded evidence that the tavern owner had knowledge of his employee's prior assaults on tavern patrons. Specifically, Tindall and Thomas Ryan, as administrator of the estate of Robert Slusher, "sought to introduce prior assault evidence in support of their cause of action alleging that Falls Tap, Inc. was negligent in employing and retaining Enderle in its employ after obtaining corporate knowledge of his violent propensities." *Id*. at 526, 320 N.E.2d at 765.

[14] The appellants argued that they should have been allowed to present the excluded evidence because they claimed that the appellees were negligent under the theories of negligent hiring and retention and *respondeat superior*. Our court summarily rejected the controlling *Broadstreet* decision by citing to a federal district court case that concluded that *Broadstreet* "was of limited scope, applicable to only 'special' situations."[1] *Id*. at 529, 320 N.E.2d 767 (citing *Lange v. B&P Motor Express, Inc.*, 257 F.Supp. 319 (N.D.Ind. 1966)).

[15] The *Tindall* court also concluded that the negligent hiring cause of action "generally arises only when an agent, servant or employee steps beyond the recognized scope of his employment to commit a tortious injury upon a third party." *Id*. at 529-30, 320 N.E.2d at 767-68 (citing 34 A.L.R.2d 372; 53 Am.Jur.2d Master-Servant §§ 422 and 458 (1970)). The court concluded that a cause of action for negligent hiring "is of no value where an employer has stipulated that his employee was within the scope of his employment." *Id.* at 530, 320 N.E.2d at 786.

> The doctrine of respondeat superior provides the proper vehicle for a direct action aimed at recovering the damages resulting from a specific act of negligence committed by an employee within the scope of his employment. Proof of negligence by the employee on the particular occasion at issue is a common element to the theories of respondeat superior and negligent

---

[1] The northern district court described the "special situations" as cases involving a father and son. *Lange*, 257 F.Supp at 324 (stating "[t]he act of the father in directing his son to take on a task which was beyond his capability to fulfill is the true basis for liability"). However, the *Broadstreet* court made clear that the relationship from which liability arose was the master-servant relationship.

hiring. Under the theory of respondeat superior, however, when the employer has stipulated that the employee was acting within the scope of his employment in committing the act, upon proof of negligence and damages, plaintiff has successfully carried his burden of proof against the negligent employee's employer. Proof of the additional elements of negligent hiring under such circumstances is not relevant to the issues in dispute, is wasteful of the court's time and may be unnecessarily confusing to a jury.

*Id.* (citation omitted).

[16] The Estate argues that *Tindall* "is in direct conflict" with our supreme court's *Broadstreet* opinion, and therefore it is "contrary to law." Appellants' Br. at 19-20. Importantly, the doctrine of *stare decisis* requires that we apply "a principle of law which has been firmly established." *Snyder v. King et al.*, 958 N.E.2d 764, 776 (Ind. 2011) (quoting *Marsillett v. State*, 495 N.E.2d 699, 704 (Ind. 1986)). *Stare decisis* "is a maxim of judicial restraint supported by compelling policy reasons of predictability that we should be reluctant to disturb long-standing precedent, and a rule which has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error." *Id.* (citation and internal quotations omitted).

[17] Moreover, "it is not this court's role to reconsider or declare invalid decisions of our supreme court." *Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind. Ct. App. 2005).

We are bound by the decisions of our supreme court. Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment. While Indiana Appellate

Rule 65(A) authorizes this [c]ourt to criticize existing law, it is not this court's role to "reconsider" supreme court decisions.

*Id.* (citations omitted).

[18]     As we noted above, over a century ago, the *Broadstreet* court held that allowing a plaintiff to pursue both theories of recovery was proper. Because negligent hiring, retention, or supervision are separate torts that are not derivative of the employee's negligence, an employer's admission that the employee was acting within the course and scope of his or her employment should not preclude a plaintiff from arguing both theories of recovery.

[19]     We acknowledge that the majority of jurisdictions that have addressed the issue have held that "a plaintiff cannot pursue a claim against an employer for negligent entrustment, hiring, supervision, or training when the employer admits that its employee was acting within the scope of employment when the accident that is the subject of the lawsuit occurred." *See Finkle v. Regency CSP Ventures Ltd. Partnership*, 27 F.Supp.3d 996, 999 (D. South Dakota 2014).

[20]     However, a small number of jurisdictions have concluded that "an admission by an employer that its employee was acting within the scope of her employment does not preclude an action for both *respondeat superior* and negligent entrustment, training, hiring, retention, or supervision." *Id.* at 1000. These courts do not allow a "claim of agency to preclude a separate tort claim" because "'negligent entrustment and negligent hiring, retention, or supervision are torts distinct from *respondeat superior* and that liability is not imputed but

instead runs directly from the employer to the person injured.'" *Id.* (quoting *Marquis v. State Farm Fire and Cas. Co.*, 961 P.2d 1213, 1225 (1998)).

[21] Aligning itself with the minority view, the Minnesota Court of Appeals observed:

> In order to hold an entrustor liable to an injured third party, the entrustor's negligence must be accompanied by negligence on the part of the entrustee, but the entrustor's duty runs directly to those who might be put at risk as a result of the negligent entrustment. As stated by Prosser, "[o]nce it is determined that the [person] at work is a servant, the master becomes subject to vicarious liability for his torts. He may, of course, be liable on the basis of any negligence of his own in selecting or dealing with the servant."

*Lim v. Interstate System Steel Div., Inc.*, 435 N.W.2d 830 (Minn. Ct. App. 1989) (internal citations omitted). *See also Marquis v. State Farm Fire and Cas. Co.*, 961 P.2d 1213 (Kan. 1998) (observing that "negligent entrustment and negligent hiring, retention, or supervision are torts distinct from *respondeat superior* and that liability is not imputed but instead runs directly from the employer to the person injured").

[22] We also observe that the Comparative Fault Act, Indiana Code section 34-51-2-1 et seq., was enacted over ten years after our court's *Tindall* decision. The objective of the Act "was to modify the common law rule of contributory negligence under which a plaintiff was barred from recovery where he [or she] was only slightly negligent." *See Palmer v. Comprehensive Neurologic Servs., P.C.*, 864 N.E.2d 1093, 1098 (Ind. Ct. App. 2007). Under the Act, "each person

whose fault contributed to the injury bears his or her proportionate share of the total fault contributing to the injury." *Id*. See also I.C. 34-51-2-8(b) (establishing that in a jury trial, the trial court "shall instruct the jury" to "determine the percentage of fault of the claimant, of the defendants, and of any person who is a nonparty. . . In assessing percentage of fault, the jury shall consider the fault of all persons who caused or contributed to cause the alleged injury, death, or damage to property . . . regardless of whether the person was or could have been named as a party").

[23] In the case before us, Hamblin, Parker, and Bilton were involved in the accident that resulted in Hamblin's death. A jury could find that any one of these three parties committed acts that proximately caused the accident at issue. However, a jury could additionally find that Pizza Hut negligently hired, retained, or supervised Parker, and assign a certain percentage of fault for the accident directly to Pizza Hut. Under the Comparative Fault Act, it would be illogical to disallow a cause of action that could result in the allocation of additional fault to a tortfeasor.

[24] Furthermore, Section 7.05 of the Third Restatement of Agency provides that "[a] principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent." *See also* Restatement (Third) of Agency section 7.03 (explaining that a principal may also be indirectly liable to a third party when its agent commits a tort while acting within the scope of his or her

employment). "A principal who is vicariously liable may, additionally, be subject to liability on the basis of the principal's own conduct." *Id.*, cmt.

[25] *Tindall*, and its progeny, concluded that the tort of negligent hiring "arises only when an agent, servant or employee steps beyond the recognized scope of [her] employment to commit a tortious injury upon a third party." 162 Ind. App. at 529, 320 N.E.2d at 767-68; *see also Clark v. Aris, Inc.*, 890 N.2d 760, 765 (Ind. Ct. App. 2008), *trans. denied*. However, the *Broadstreet* Court did not limit the tort of negligent hiring and retention to acts committed outside an employee's scope of employment.

[26] Moreover, in *Tindall*, the court concluded that its holding might not apply where a plaintiff seeks punitive damages. *See* 162 Ind. App. at 530; 320 N.E.2d at 768 (stating the "sole possible advantage to the pursuit of a negligent hiring theory in cases such as that before us would be the potential assessment of punitive damages). We can conceive of no logical reason for limiting the separate cause of action to acts committed outside the scope of employment unless a plaintiff demands punitive damages. Consideration of an employer's fault in negligently hiring or retaining an employee who causes a tortious injury in the course and scope of her employment results in a fairer allocation and calculation of damages under our system of comparative fault.

[27] Under the doctrine of *stare decisis*, we are bound by our supreme court's *Broadstreet* decision. Moreover, allowing the fact-finder consider Pizza Hut's and its employee's fault, if any, in causing the accident that resulted in

Hamblin's death is consistent with our Comparative Fault Act. For all of these reasons, we conclude that the trial court erred when it granted summary judgment to Pizza Hut on the Estate's negligent hiring and retention claim.

Reversed and remanded for proceedings consistent with this opinion.

Vaidik, C.J., and Barnes, J., concur.