FILED

Oct 31 2017, 1:54 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS
Scott A. Faultless
Craig Kelley & Faultless LLC
Indianapolis, Indiana

Merritt K. Alcorn
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA TRIAL
LAWYERS ASSOCIATION
George C. Gray
Nicole B. Burks
Gray, Robinson, Ryan & Fox, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Rodney L. Scott
Tricia Kirkby Hofmann
Rebecca L. Didat
Waters, Tyler, Hofmann & Scott, LLC
New Albany, Indiana

Karl L. Mulvaney
Jessica Whelan
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE DEFENSE TRIAL
COUNSEL OF INDIANA
Lucy R. Dollens
Quarles & Brady, LLP
Indianapolis, Indiana

Crystal G. Rowe
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEYS FOR AMICUS CURIAE INDIANA LEGAL
FOUNDATION INC.
Julia Blackwell Gelinas
Maggie L. Smith
Frost Brown Todd LLC
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 39S05-1703-CT-171

DALE SEDAM, KIM SEDAM, AND BRYAN
NORRIS, AS CO-PERSONAL REPRESENTATIVES
OF THE ESTATE OF DAVID C. HAMBLIN,
DECEASED,

*Appellants (Plaintiffs below),*

v.

2JR PIZZA ENTERPRISES, LLC DOING
BUSINESS AS PIZZA HUT #013413, AMANDA
PARKER, INDIVIDUALLY AND AS AN



EMPLOYEE OF 2JR PIZZA ENTERPRISES, LLC,
AND RALPH BLITON,

*Appellees (Defendants below).*

Appeal from the Jefferson Circuit Court, No. 39C01-1209-CT-890
The Honorable Darrell M. Auxier, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 39A05-1602-CT-296

**October 31, 2017**

**Massa, Justice.**

More than forty years ago, our Court of Appeals decided <u>Tindall v. Enderle</u>, 162 Ind. App. 524, 320 N.E.2d 764 (1974), and today we reaffirm its holding. When an employer admits that an employee was acting within the course and scope of his or her employment, the employer may only be held liable under the doctrine of *respondeat superior*, and thus the plaintiff is precluded from also bringing a negligent hiring claim in most circumstances. We therefore affirm the trial court's partial grant of summary judgment for Pizza Hut, allowing only the negligence claim under the doctrine of *respondeat superior* to proceed.

**Facts and Procedural History**

On August 24, 2012, Amanda Parker was delivering pizzas as a driver for 2JR Pizza Enterprises, LLC ("Pizza Hut"). While she was driving, her Dodge Stratus collided with the back of a scooter operated by David Hamblin. As a result, Hamblin was tossed onto the road and was run over and killed by another motorist, Ralph Bliton.

Hamblin's Estate[1] then filed a wrongful death suit against Parker, Bliton, and Pizza Hut. The Estate alleged Hamblin's death was directly and proximately caused by Pizza Hut's negligent hiring, training, and/or supervision of Parker; Parker's negligent operation of her car; and that Pizza Hut was liable for Parker's negligence under the doctrine of *respondeat superior*. Pizza Hut moved for partial summary judgment, claiming that since it admitted Parker was acting within the course and scope of her employment, it could only be held liable under the doctrine of *respondeat superior*. The trial court agreed and granted partial summary judgment dismissing the Estate's negligent hiring, training, and/or supervision claim. Pursuant to Trial Rule 54(B), the trial court entered final judgment, and the Estate appealed.

The Court of Appeals reversed and remanded. After comparing Broadstreet v. Hall, 168 Ind. 192, 80 N.E. 145 (1907), and Tindall v. Enderle, 162 Ind. App. 524, 320 N.E.2d 764 (1974), the panel found Tindall had improperly distinguished Broadstreet, and thus Broadstreet was controlling. Sedam v. 2JR Pizza Enterprises, LLC, 61 N.E.3d 1191, 1195-98 (Ind. Ct. App. 2016). Therefore, the court concluded that the Estate could pursue both theories of recovery because the claims are "separate torts that are not derivative of the employee's negligence[.]" Id. at 1196. Moreover, the panel reasoned this outcome was more consistent with Indiana's Comparative Fault Act, enacted after Broadstreet and Tindall, and the Restatement (Third) of Agency. Id. at 1197-98.

Pizza Hut petitioned for transfer, which we granted, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).[2]

---

[1] The Estate includes Dale Sedam, Kim Sedam, and Bryan Norris, co-personal representatives.

[2] We thank the Defense Trial Counsel of Indiana, the Indiana Legal Foundation, Inc., and Indiana Trial Lawyers Association for their appearances as amici in this case.

**Standard of Review**

When reviewing the grant or denial of summary judgment, we apply the same test as the trial court: Summary judgment is appropriate only when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Hughley v. State, 15 N.E.3d 1000, 1003 (Ind. 2014); Ind. Trial Rule 56(C). Where a challenge to summary judgment raises a question of law, we review it *de novo*. Megenity v. Dunn, 68 N.E.3d 1080, 1083 (Ind. 2017).

***Respondeat Superior* and Negligent Hiring, Training, and/or Supervision Claims May Not Be Simultaneously Brought When an Employer Admits That an Employee Was Acting Within the Course and Scope of His or Her Employment.**

Resolution of this case hinges on our interpretation of the precedential effect of two opinions: Tindall and Broadstreet.

In Broadstreet, a businessman employed his nine-year-old son to deliver a message on horseback. While doing so, the horse collided with a buggy, resulting in injuries to its occupant. The occupant sued, alleging negligent hiring because the businessman knew of his son's careless and dangerous riding, and liability for the son's negligence under the doctrine of *respondeat superior*. Broadstreet, 168 Ind. at 195-96, 80 N.E. at 145-46. After a trial, the jury returned a general verdict for the occupant. Id. at 202, 80 N.E. at 148. The businessman appealed, arguing, in part, that the trial court improperly instructed the jury to consider evidence of the son's careless and reckless reputation for riding horses when determining whether the son was acting within the course and scope of his employment. Id. at 203-04, 80 N.E. at 148-49. This Court found no error, indicating that the instruction to consider all the evidence was limited to the "purpose for which it was introduced." Id. at 205, 80 N.E. at 149.

In Tindall, a tavern employee shot and killed a patron. The patron's estate brought a negligence action against the employee, and a negligent hiring and retention claim against the tavern. Tindall, 162 Ind. App. at 525, 320 N.E.2d at 765. Before trial, the tavern stipulated that

4

at the time of the shooting the employee was acting within the course and scope of his employment. Id., 320 N.E.2d at 765.  The tavern also filed a *motion in limine* seeking to exclude evidence of the employee's prior assaults on patrons, which the estate intended to use to support its claim that the tavern was negligent in hiring and retaining the employee.  Id. at 525-26, 320 N.E.2d at 765.  The trial court granted the tavern's motion.  Id. at 525, 320 N.E.2d at 765.  The estate appealed, arguing that by granting the *motion in limine* the trial court effectively eliminated its negligent hiring and retention claim, which it contended was "separate and distinct from their action in *respondeat superior.*"  Id. at 527, 320 N.E.2d at 766.  The Court of Appeals disagreed.  In its analysis, the court distinguished Broadstreet, and concurred with a federal district court that the holding in Broadstreet was limited to "special situations."  Id. at 528-29, 320 N.E.2d at 767 (discussing Lange v. B & P Motor Exp., Inc., 257 F. Supp. 319, 323 (N.D. Ind. 1966) (special situations likely found when "ordinary *respondeat superior* principles would fail [and] sound policy would support a cause of action"[3])).  The Lange court recognized Indiana courts had not spoken on this issue but nevertheless determined that, when the employer had stipulated to course and scope, it would be "an undue extension of Broadstreet" to allow both claims to proceed because each claim is derived from the negligence of the employee, making the negligent hiring claim, "as a matter of law, wholly unnecessary to plaintiffs' right to recover."  Lange, 257 F. Supp. at 324.

Pizza Hut argues that Tindall is settled law and, absent a special circumstance, an employer's admission to course and scope renders negligent hiring-based claims duplicative and unnecessary.  Moreover, Pizza Hut contends that Broadstreet is not controlling because the Plaintiff in that case contested, rather than conceded, *respondeat superior* liability.  The Estate, on

---

[3] In Lange, the court indicated some special circumstances include when an employee commits an intentional tort, an employee is incapable of being negligent, and when an employer is a charitable institution.  257 F. Supp. at 323.  In Tindall, the court noted negligent hiring claims are advantageous in cases involving punitive damages.  162 Ind. App. at 530, 320 N.E.2d at 768.

the other hand, argues <u>Broadstreet</u> controls, which expressly permits both claims against an employer and is more consistent with Indiana's Comparative Fault Act.

We agree with Pizza Hut and find <u>Tindall</u> controlling.

First, the current issue—whether both claims may be pursued when an employer admits to course and scope—was not before the Court in <u>Broadstreet</u>. In that case, the businessman did not admit that his son was acting within an employment capacity at the time of the accident; rather, he argued he was not liable for the boy's actions at all. 168 Ind. at 199, 80 N.E. at 147. Further, the businessman never challenged whether both claims could be brought; instead his appeal focused on the jury instructions and evidence of his son's reputation. <u>See id.</u> at 203-205, 80 N.E. at 148-49. Based on these distinctions, we decline to find <u>Broadstreet</u> expressly permits both claims when an employer admits liability under the doctrine of *respondeat superior*.

Second, starting with <u>Tindall</u>, there is a line of Indiana precedent spanning nearly five decades holding that an employer's admission that an employee was acting within the course and scope of his employment precludes negligent hiring claims.[4] This outcome recognizes that a

---

[4] <u>See, e.g.</u>, <u>Davis v. Macey</u>, 901 F. Supp. 2d 1107, 1111-13 (N.D. Ind. 2012); <u>Kapitan v. DT Chicagoland Exp. Inc.</u>, No. 2:12-CV-321, 2013 WL 5655704, at *4-5 (N.D. Ind. Oct. 15, 2013); <u>Amcast Indus. Corp. v. Detrex Corp.</u>, 779 F. Supp. 1519, 1543 (N.D. Ind. 1991), <u>rev'd in part on other grounds</u>, 2 F.3d 746 (7th Cir. 1993); <u>Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew</u>, 851 N.E.2d 326, 332-33 (Ind. Ct. App. 2006), <u>trans. denied</u>; <u>Shipley v. City of South Bend</u>, 175 Ind. App. 464, 468-69, 372 N.E.2d 490, 493 (1978); <u>Gordon v. Bank of New York Mellon Corp.</u>, No. 4:12-CV-18, 2017 WL 662856, at *7-8 (N.D. Ind. Feb. 17, 2017); <u>Perron v. JP Morgan Chase Bank, N.A.</u>, No 1:12-CV-01853-TWP-TAB, 2014 WL 931897, at *5 (S.D. Ind. Mar. 10, 2014); <u>Cottle v. Falcon Holdings Mgmt., LLC</u>, No. 2:11-CV-95-PRC, 2012 WL 4361552, *21-22 (N.D. Ind. Sept. 24, 2012); <u>Kpotufe v. J.B. Hunt Transport, Inc.</u>, No. 1:10-CV-0539-RLY-MJD, 2011 WL 6092159, *6 (S.D. Ind. Dec. 6, 2011); <u>Estate of Mayer v. Lax, Inc.</u>, 998 N.E.2d 238, 249 n.4 (Ind. Ct. App. 2013), <u>trans. denied</u>; <u>Marshall v. Town of Merrillville</u>, 228 F. Supp. 3d 853, 868 (N.D. Ind. 2017); <u>see also, e.g.</u>, <u>Levinson v. Citizens Nat. Bank of Evansville</u>, 644 N.E.2d 1264, 1269-70 (Ind. Ct. App. 1994), <u>trans. denied</u> (finding <u>Tindall-Lange</u> rule inapplicable because special circumstances permitted both claims); <u>Issa v. Priority Transp., LLC</u>, No. 1:05-CV-394-TS, 2006 WL 1886225, *7 (N.D. Ind. July 7, 2006) (same).

*respondeat superior* claim necessarily involves an act *within* the scope of employment, whereas negligent hiring claims require an act *outside* the scope of employment. Under each claim, the plaintiff seeks the same result—employer liability—and recovery is based on the same negligent act—the employee's. Tindall, 162 Ind. App. at 530, 320 N.E.2d at 768 ("Proof of negligence by the employee on the particular occasion at issue is a common element to the theories of *respondeat superior* and negligent hiring."). To allow both claims would serve only to prejudice the employer, confuse the jury, and waste judicial resources when ultimately the result—that the employer is liable—is the same and the employer has stipulated as much. Such an admission exposes an employer to liability for any and all fault assessed to the employee's negligence, and thus a negligent hiring claim becomes duplicative since a plaintiff may not recover twice for the same damage. See INS Investigations Bureau, Inc. v. Lee, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003) ("The law disfavors . . . double recovery for a single wrong."), trans. denied.

The Estate argues that precluding both claims contravenes Indiana's Comparative Fault Act. We disagree. The Comparative Fault Act provides that the jury must apportion fault to those "who caused or contributed to cause the alleged injury[.]" Ind. Code § 34-51-2-8(b)(1) (2014). The rule expressed here and in Tindall is consistent with this mandate because, as already stated, the negligent hiring and *respondeat superior* claims are derived from the same negligent act of the employee. Thus, at the point an employer stipulates to course and scope it assumes indirect liability for the person "who caused or contributed to cause the alleged injury." If a jury were allowed to allocate fault under both theories, the employer could be assessed fault in excess of the employee's negligence it already assumed in full. Conversely, a plaintiff's fault remains unchanged whether an employee, employer, or a combination of the two is responsible for the injury.

Third, this outcome is bolstered by Indiana's adoption of the Restatement (Second) of Torts section 317. See Parr v. McDade, 161 Ind. App. 106, 117-118, 314 N.E.2d 768, 774-775 (1974). Section 317 provides that "[a] master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment[.]" Restatement (Second) of Torts § 317 (Am. Law Inst. 1965). This rule is "applicable only when the servant is acting outside the scope

7

of his employment.  If the servant is acting within the scope of his employment, the master may be vicariously liable under the principles of the law of Agency." Id. § 317 cmt. a.  Although the Restatement (Third) of Agency may find otherwise,[5] Indiana has developed a line of precedent according to Tindall and section 317 of the Restatement (Second) of Torts, and we find no reason to upset reliance on this point.

In sum, based on Tindall, substantial precedent has established that when an employer admits that an employee was acting within the course and scope of his or her employment, absent special circumstances, negligent hiring claims are precluded.  Neither Broadstreet nor the Restatement (Second) of Torts nor the Comparative Fault Act compel a different result.

**Conclusion**

For the reasons above, we affirm the trial court's partial grant of summary judgment for Pizza Hut.

Rush, C.J., and David, Slaughter, and Goff, JJ., concur.

---

[5] See Restatement (Third) of Agency § 7.05(1) (Am. Law Inst. 2006) ("A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, training, retaining, supervising, or otherwise controlling the agent."); Id. § 7.03 cmt. b ("A principal's own fault may subject the principal to liability to a third party harmed by an agent's conduct.").