## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2019, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
| --- | --- |
| Peter Odongo | Robert F. Ahlgrim, Jr. |
| Indianapolis, Indiana | Carmel, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Peter Odongo, <br> *Appellant-Plaintiff,* <br><br> v. <br><br> Edward Rose of Indiana, LLC, d/b/a Scarborough Lake Apartments, et al, <br> *Appellee-Defendant.* | May 10, 2019 <br><br> Court of Appeals Case No. 18A-MI-2997 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Thomas J. Carroll, Judge <br><br> Trial Court Cause No. 49D06-1605-MI-16162 |

**Robb, Judge.**

# Case Summary and Issue

Peter Odongo appeals the trial court's grant of summary judgment to Edward Rose of Indiana, LLC, doing business as Scarborough Lake Apartments ("SLA"), on Odongo's multi-count complaint. Odongo raises several issues for our review which we consolidate and restate as whether the trial court properly granted summary judgment to SLA.[1] Concluding there are no genuine issues of material fact and SLA was entitled to judgment as a matter of law, we affirm the grant of summary judgment.

# Facts and Procedural History

Odongo entered into a ten-month apartment lease with SLA on August 4, 2015. Odongo was shown two studios and a one-bedroom apartment, but the one-bedroom was available sooner due to scheduled refurbishment of the studios. Odongo elected to rent the one bedroom because he wanted to move immediately from his current apartment due to "increasing uninhabitable living conditions caused from noxious fumes, noise, and other nuisances" there. Appellant's Brief at 13. Odongo claims SLA steered him toward the one-

---

[1] Odongo states as additional issues that the trial court erred in denying his motion to proceed pro se and in "ignoring" certain motions. Appellant's Br. at 7. He does not further address these issues in the argument section of his brief and they are therefore waived. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

bedroom apartment "in order to make him live at [an] apartment intended for conspired unlawful practices and illegal activities." *Id.* at 14.

[3] Odongo claimed that when he moved in, the apartment was unprepared and not clean and that maintenance issues went unresolved throughout his tenancy. He also claimed that "on multiple occasions everyday" beginning immediately after he moved in, the apartment had "extreme uninhabitable living conditions" because noxious fumes were being released into his apartment by SLA and because other tenants created deliberate noise to disturb him. *Id*. at 15. He claims SLA did nothing to resolve those issues and in fact created those issues in order to have reason to enter his apartment.

[4] In December 2015, Odongo was seen conducting surveillance on other tenants and recording license plates of cars in the parking lot. On January 4, 2016, SLA sent a letter to Odongo informing him he was in violation of his lease and notifying him that the lease would be terminated on January 9, 2016. Odongo left the premises by that date.

[5] In February 2017,[2] Odongo, acting pro se, filed his amended complaint against SLA and tenants in two neighboring apartments[3] alleging eleven counts, including "Tortious Invasion of Privacy Surveillance Noise Nuisances,"

---

[2] The case was originally filed on May 9, 2016.

[3] The tenants were not served with a copy of the complaint because their addresses were unknown and therefore, they did not participate in the trial court proceedings. Summary judgment was granted to SLA alone.

violations of the Indianapolis noise ordinance, "Tortious Invasion of Privacy Entering Apartment," "Tortious Uninhabitable Living Air Quality Conditions," violations of Indiana Code sections 22-9.5-5-1 (fair housing) and 32-31-5-6 (landlord obligations), breach of contract, intentional inflictions of emotional distress, and violations of United States Code Title 42 sections 1981, 1982, and 1985. *See generally* Appellant's Appendix, Volume 2 at 18-42. The crux of Odongo's complaint seems to be described in his brief where he alleges SLA and the other tenants, together with federal and state government agents and other entities and persons whom he collectively calls "Conspiracy Agents," "conspired racially to create uninhabitable living conditions[,] noise, noxious fumes and other acts toward Odongo . . . ."[4] Appellant's Br. at 7. He alleges this conspiracy "caused Odongo multiple injuries from rights to housing and employment to other loses [sic][.]" *Id.* at 8.

[6] SLA answered Odongo's complaint and then filed a motion for summary judgment, accompanied by an affidavit from the Regional Property Manager for SLA. The trial court granted Odongo's first motion for enlargement of time, giving Odongo until October 24, 2018 to respond to the summary judgment motion. On October 24, Odongo requested a second enlargement of time. The trial court denied any further enlargement of time. Ultimately, Odongo did not

---

[4] Odongo claims "protected statuses" due to his "national origins Uganda, color black, African race ethnicity and ancestry[.]" Appellant's Br. at 8.

respond to SLA's motion for summary judgment and on November 15, the trial court granted summary judgment to SLA. Odongo now appeals.

# Discussion and Decision

## I. Standard of Review

[7] When reviewing the grant of summary judgment, we apply the same test as the trial court: summary judgment is appropriate only if the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 1176 (Ind. 2017). Once the movant for summary judgment has established that no genuine issue of material fact exists, the nonmovant may not rest on its pleadings but must set forth specific facts which show the existence of a genuine issue for trial. *Perkins v. Fillio*, 119 N.E.3d 1106, 1110 (Ind. Ct. App. 2019). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

[8] A trial court is not required to grant an unopposed motion for summary judgment. *Larson v. Karagan*, 979 N.E.2d 655, 659 (Ind. Ct. App. 2012). In other words, summary judgment is awarded on the merits of the motion, not on technicalities. *See* Ind. Trial Rule 56(C) ("Summary judgment shall not be granted as of course because the opposing party fails to offer opposing affidavits

or evidence, but the court shall make its determination from the evidentiary matter designated to the court."). A party who does not respond to a motion for summary judgment is limited to the facts established by the movant's designated evidence, however. *Murphy v. Curtis*, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), *trans. denied*.

[9] Our review is limited to those facts designated to the trial court, T.R. 56(H), and we construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party, *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013). On appeal, the non-moving party carries the burden of persuading us the grant of summary judgment was erroneous. *Hughley*, 15 N.E.3d at 1003.

## II. Summary Judgment for SLA[5]

[10] The sole argument we can discern from Odongo's brief on appeal is that the only evidence SLA designated as support for its motion for summary judgment—an affidavit—is inadequate because the affiant did not have personal knowledge of the facts asserted therein.

[11] We disagree. It is true that affidavits submitted on summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify

---

[5] SLA's terse brief asserts Odongo has submitted "new information" on appeal and urges this court not to consider it because it constitutes an untimely filed response on summary judgment, but "in the event [this court] would be inclined to review" the material, argues it does not create a genuine issue of material fact. Br. of Appellee at 5. We have, as is our charge, considered only the appropriate evidence in deciding this summary judgment issue.

to the matters stated therein." T.R. 56(E); *see also* Ind. Evidence Rule 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). An affidavit does not need to contain an explicit recital of personal knowledge if it can be reasonably inferred from its contents that the material parts are within the affiant's personal knowledge. *Decker v. Zengler*, 883 N.E.2d 839, 844 (Ind. Ct. App. 2008), *trans. denied*.

[12] Here, Steven Moll stated that he has "knowledge of the matter set forth herein based on reviewing company documentation and investigating the events surrounding the incident." Appellant's Appendix, Volume 2 at 14. In addition, he is the Regional Property Manager for SLA and it is reasonable to infer that in that position, he is familiar with and has knowledge of events occurring at properties he manages. This is all that is required by Trial Rule 56(E). *See I.A.E., Inc. v. Hall*, 49 N.E.3d 138, 154 (Ind. Ct. App. 2015) (summary judgment affidavit identifying affiant as president of company at all relevant times was sufficient because it could be inferred that as president, the affiant had personal knowledge of and would be competent to testify to matters that took place during his tenure), *trans. denied*; *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 701 (Ind. Ct. App. 2012) (summary judgment affiant's familiarity with the lease at issue and its corresponding accounts could be inferred from his position with the leasing company as a litigation recovery specialist), *trans. denied*.

[13] To the extent Odongo argues the affidavit was insufficient to demonstrate there were no genuine issues of material fact, again we disagree. SLA's affidavit refutes every cognizable issue raised against it in Odongo's 123-paragraph, eleven-count complaint. The trial court did not err in finding there was no genuine issue of material fact and that SLA was entitled to judgment as a matter of law on Odongo's complaint.

## Conclusion

[14] SLA's designated evidence was properly considered by the trial court and demonstrated that there were no genuine issues of material fact. The trial court properly granted summary judgment to SLA.

[15] Affirmed.

Baker, J., and Najam, J., concur.